## In re UNION TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

ADMINISTRATION—PRIOR ACCOUNTING—CONCLUSIVENESS.

 An administrator on a prior accounting was directed to sell certain assets of the estate "at such time as, in its judgment, the best price could be obtained," and accordingly sold certain securities for a sum as large as could have been obtained at any time subsequent to the decree. *Held*, that an objection by petitioners on an application for a final accounting that such securities could have been sold at a higher price prior to the decree, and that the administrator was at fault therein, was untenable, the propriety of its acts and the amount with which it was chargeable at the date of the decree having been conclusively established thereby.

Appeal from surrogate's court, Richmond county.

Petition by Lillian P. Heaney, as general guardian of Charles W. Miller, an infant, for a final settlement of the account of the Union Trust Company of New York as administrator of the estate of Charles W. Miller, deceased. George A. Heaney was appointed special guardian of the infant pending the proceeding. From a decree of the surrogate's court dismissing the petition, both guardians appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

Charles Gibson Bennett, for appellants.

Hoffman Miller (Wheeler H. Peckham, on the brief), for respondent Union Trust Co.

72 N.Y.S.—62

PER CURIAM. When the Union Trust Company, as administrator of Charles W. Miller, deceased, accounted in 1891, it had in its hands 300 shares of stock of the Oregon Improvement Company, 101 shares of the Western Improvement Company, and 175 shares of. the Edison Electric Light Company of Europe. By a decree of the surrogate's court of Richmond county, rendered on the 18th day of May in that year, the administrator was directed to sell these uncollected inventoried assets "at such time as, in its judgment, the best price can be obtained, and it will be for the best interest of the estate so to do," and, after deducting its commission, to pay one-third of the proceeds to the widow of the intestate, and two-thirds to the general guardian of the child, the present infant petitioner. In the proceeding before us this decree, which is in all respects regular upon its. face, and which was made upon an accounting in which the present infant petitioner was duly represented by a qualified special guardian, was attacked on the ground that it was "the result of obvious imposition on the court." The proof did not sustain this charge, and the surrogate properly so held. Upon the petition in this proceeding, however, the surrogate took testimony as to the dealings of the administrator with the uncollected inventoried assets already mentioned since the decree of May 18, 1891. The evidence shows that in 1898 the Union Trust Company sold the Oregon Improvement Company stock at a net price of 23½ per share, and that it had never sold the other securities, because there was no market therefor. The amount realized for the Oregon Improvement Company stock seems to be as much as could have been obtained for it after the decree of May 18, 1891. But it appears that prior to that decree, in the year 1890, the administrator had sold 100 shares of the same stock belonging to the estate at 50, and the appellants insist that the administrator is at fault for not having got as much for the remainder. The answer to this contention is that the propriety of the administrator's acts up to May 18, 1891, was conclusively established by the decree of that date, as was also the amount with which it was then chargeable. See O'Connor v. Huggins, 113 N. Y. 511, 516, 21 N. E. 184. After the surrogate had determined in this proceeding that the decree of May 18, 1891, had not been obtained by imposition, the only remaining question was whether the administrator had followed the direction of that decree in its subsequent dealings with the uncollected inventoried assets; and, as already intimated, we are of the opinion that the proof shows that it fulfilled its duty in this respect. The decree now under review should therefore be affirmed.

Decree of surrogate's court of Richmond county affirmed, with costs.